LITTLE & SMITH, vs ATCHISON, TOPEKA & SANTE FE R'Y CO.

Opinion delivered September 23, 1903.

1. *U. S. · Commissioners—Quashing execution is a Final Order—Appeal Allowed.*

   A judgment of the district court sustaining, on appeal, the action of a U. S. Comimssioner in recalling and quashing an execution, where that was the only question before the district court, is such a final order as will support an appeal to this court.

2. *Appeal—Motion for New Trial—Unnecessary When.*

   An appeal will not be dismissed because no motion for new trial was filed, where the action of the court appealed from is sustaining an order of a U. S. Commisioner quashing an execution, for there was no trial nor issuable matter before the district court.

3. *U. S. Commissioner—Jurisdiction after Judgment—Execution and Control Thereof.*

   After an action has gone to judgment in a U. S. Commissioner's court and time for appeal has expired, the Commissioner has no further jurisdiction, except control over the execution. He can recall an execution improperly issued, but not upon the ground that the judgment was invalid.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Little & Smith against the Atchison, Topeka & Sante Fe Railway Company and others. From an order quashing an execution on a commissioner's judgment, plaintiffs appeal. Reversed.

The record in this case discloses the following peculiar state of facts: On August 8, 1894, the appellants, as plaintiffs, began an action against Martin Wollman, before J. B. Thompson, United States commissioner for the Southern District of the Indian Territory, to recover from said Wollman damages for a failure of warranty in certain twine sold by said Wollman to said Little & Smith, and shipped by Wollman to Little & Smith, shipper's order, via the Atchison, Topeka & Sante Fe Railway Company, from Kansas City, Mo., and to be delivered at Purcell, Ind. Ter.; that said twine was delivered at Purcell on or about June 1, 1894, to said Little & Smith, before the shipper's receipt had arrived at said place, said Little & Smith executing an indemnity bond, and agreeing to hold the said railway company harmless for their act of delivery in case they failed to get the shipper's receipt; that said Wollman, in the usual course of business, attached a bill of lading for such consigned property to a draft, and drew and transmitted such draft, through the usual course of business of a bank at Purcell, Ind. Ter. ; that said plaintiffs (appellants), in the performance of their indemnity bond, deposited the $100 due as payment for said draft in the hands of said railway company to relieve their liability upon the said indemnity bond aforesaid, and, at the commencement of suit against the said Wollman as aforesaid they caused to be issued an order of attachment and a garnishment on the said railway company and its receivers, and published a warning order in said suit warning said Wollman to appear and defend said suit, he being a nonresident of the Indian Territory; that said suit proceeded in the regular course, and on October 18, 1894, in said action, plaintiffs (appellants) recovered a judgment duly given by said commissioner's court against said Wollman, for $100, and the attachment in said suit, was sustained, and the garnishees (the appellees herein) were ordered by the court to pay into court the sum of $100, which the said garnishees (appellees herein) refused to pay and never have

paid; that on December 31, 1895, plaintiffs (appellants) began
their action before said J. B. Thompson, United States commis-
sioner, against the defendants (appellees herein), setting forth
in substance, the foregoing facts in their complaint, and praying
judgment against the defendants (appellees herein), and the
receiver thereof, for the sum of $100, with interest at the rate
of 6 per cent, from October 18, 1894. The docket of said com-
missioner shows that on January 21, 1896, the cause was con-
tinued by agreement to February, 1896, and from February,
1896, was continued from time to time until April 20, 1896,
when the cause came on to be heard, and the defendants made
default, whereupon judgment was entered in favor of the plain-
tiffs (appellants herein) and against defendants (appellees herein)
for the sum of $100 and costs. From said docket, it appears
that summons in said cause was issued and returned and in-
dorsed as having been served by leaving a copy thereof with
W. E. Maxon, the agent of said defendant railway company.
No action was taken by either party to this suit, or on this
judgment, until March 24, 1897, when execution issued upon
said judgment against the defendant railway company, return-
able on April 24, 1897. This execution was returned and in-
dorsed as having been served by levying the same on property
of the defendants (appellees herein). On April 4, 1897, the
defendants (appellees herein) filed a motion before said commis-
sioner's court to recall and quash the execution issued on said
judgment, and the same was set down for hearing on May 8, 1897.
On May 8, 1897, said motion of the defendants (appellees herein)
was heard by said commissioner, and the said motion was sus-
tained, and said execution was ordered recalled and quashed.
From this judgment of the commissioner's court the plaintiffs
(appellees herein) took their appeal to the United States Court
for the Southern District of the Indian Territory. In some way
in said suit the defendant the Atchison, Topeka & Sante Fe
Railway Company filed its answer. Whether said answer was

filed before judgment made in said commissioner's court on April 20, 1896, does not appear. The file mark, as shown by the transcript, shows said answer to have been filed on June 21, 1896, some two months after the entry of the judgment in the case. No appeal was ever taken by the defendants in said action (appellees herein,) and no effort was made on their part, apparently, to defend said suit, except that they appeared therein generally on January 21, 1896, and entered into an agreement to continue the case until February, 1896. Said cause came on on the appeal before the United States Court of the Southern District of the Indian Territory on November, 26, 1898, before the Honorable Hosea Townsend, Judge, on the motion of defendants (appellees herein) to recall and quash the execution issued in the commissioner's court, and upon the hearing of said motion said district court sustained the same, and rendered judgment for the said defendants, from which judgment of the court said cause is prosecuted to this court on a bill of exceptions by the appellants (plaintiffs below.) The appellees herein appear in this court and move the court to dismiss the appeal herein for the following reasons: First: Because the order quashing the summons herein is not such a final order or judgment as will support an appeal to this court. Second, Because no motion for a new trial was filed presenting the alleged errors complained of to the trial court. Third. Because the bill of exceptions presented by the appellants is wholly insufficient to raise any question passed upon by the court below.

*Geo. M. Miller*, for appellants. *Henry E. Asp, J. R. Cottingham, W. A. Ledbetter*, and *S. T. Bledsoe*, for appellees.

GILL, J. The court will first direct its attention to the motion of appellees to dismiss the appeal herein.

The first ground presented for the dismissal of the appeal is because the order quashing the execution herein is not such a final judgment as will support an appeal to this court. The only question that seems to have been before the district court was the question as to whether or not the United States commissioner erred in ordering a recall of the execution issued on the judgment in that court, and in quashing it; and said district court finally disposed of the question that was then before it, in the sense of the law, by sustaining the motion to recall and quash the execution, and this certainly was a final order, so far as said case was before said district court, and, as such, was appealable.

The second reason advanced for a dismissal of the appeal is because no motion for a new trial was ever filed, presenting the errors complained of to the trial court. There having been no trial nor issuable matter before said district court, it was unnecessary, in the opinion of this court, that a motion for a new trial be filed; and the case, or what there is of the case, is properly before this court on the record made.

We do not think the third reason assigned for the dismissal of the appeal is good, because the bill of exceptions presents the exact question that was decided by the court below. Therefore the court refuses to dismiss the appeal for the reason assigned.

The peculiarities presented by the record in this case are such as to confound the judicial mind. The commissioner's court can only do those things authorized by the statute, and must do whatever it is authorized to do in the statutory manner. In this case, the plaintiffs (appellants herein) prosecuted an action to judgment in the commissioner's court, and in said action the record shows a general appearance to have been made by said defendants (appellees herein). Said action went to judgment in said commissioner's court. From this judgment the defendants (appellees herein) had the right of appeal. They failed to exercise their right, and, nearly a year after the entry

of judgment, execution. issued thereon. The right of appeal had gone by, The commissioner was without further jurisdiction in said cause, other than to issue and collect, if possible, said execution on said judgment. The said commissioner had no other jurisdiction in said case, except control over its execution. The defendants (appellees herein) undertook to reopen said case, and retry the right of the commissioner to give judgment, and said commissioner undertakes to pronounce upon his own judgment in his own court that said judgment is void and of no effect. This question might have been tested at the proper time and in the proper manner by the defendants (appellees herein) had they so chosen. But instead of testing this matter in the proper forum, they proceed, outside of the statute, to test the question in a forum without jurisdiction. The commissioner, as before suggested, could proceed only in the methods prescribed by the statute; and, after a full investigation of the statute in this case, in reference to the issuance and control of executions by the United States commissioners. this court is unable to perceive in what way or by what authority or right the said commissioner could pass upon and decide whether or not the judgment in his court was void. Under section 4103 Mansf. Dig. (§ 2783, Ind. Ter. St. 1899), the Supreme Court of Arkansas, in Scanlan vs Mixer, 31 Ark. 354, holds: "A justice of the peace has control of an improper or improvident execution issued by him, and may revoke and quash it." And so far as the action of the justice was concerned, it was within his power to revoke and quash the execution in this case, if the same was improper or improvident. But we do not see how the commissioner, acting as justice of the peace, could, in this case, have reviewed its own judgment, or set the same aside, or held that there should not be a proper execution issued thereon. The judgment of the commissioner recalling the execution and quashing the same is as follows: Comes on now the motion of defendants, heretofore submitted, to quash the exe-

cution herein, and the court, being well and sufficiently advised in the premises, doth in all things sustain said motion. To which action of the court plaintiffs, then and there, in open court, duly excepted, and their exceptions were allowed." The motion to recall and quash the execution is based upon three several reasons: "First, because said execution was issued contrary to law, and because no valid judgment was ever obtained against these defendants in this action; second, because the pretended judgment on which said execution was issued was rendered and entered by the court without any authority, whatever, or without any evidence before the court to justify or authorize the rendition of said judgment; and, third, because the pretended judgment against Martin Wollman was null and void, for many reasons set out in said motion. Wherefore these defendants pray that upon giving security in such sum as the law requires, and upon notice of this application being served upon the plaintiffs or their attorneys, that said execution be stayed, and that on final hearing said execution be quashed and held for naught, and the judgment upon which the same be issued be adjudged to be a nullity, and that the defendants have all the relief to which they may be entitled." As heretofore, intimated, under the statute a justice of the peace would have no right whatever to review or pass upon a judgment recovered in his court. He would have the right, under the law, of recalling and quashing an execution that had been issued improperly or improvidently. Whether the execution in this case was issued improperly or improvidently was a question that the commissioner had the right to determine, and neither the district court nor this court would have any control whatever of the commissioner in the recalling and quashing the execution if the same was issued contrary to law. But the commissioner did not find that the execution in this case was improperly or improvidently issued. Instead, he found that the motion of defendants to quash the execution herein should be sustained

for the reasons named in the motion, namely, that there was no valid judgment, that the pretended judgment was rendered and entered without authority, and that such pretended judgment was null and void In other words, the commissioner undertook, upon the motion of appellees, to investigate his own records, and review the same, and to reverse the same and hold the same as null and void. Thish e could not do. The only court which could review and hold such judgment to be null and void, after the judgment had been once entered by the commissioner, was the higher court, upon appeal. And such being the case, the decision of the trial court herein, rendering judgment for defendants (appellees), must be reversed, and the action of the lower court and of the commissioner in sustaining the motion to quash the execution held to be a nullity and without avail. The parties herein are relegated to the position each stood with reference to the case before the attempted quashing of the execution by the commissioner. Reversed.

CLAYTON and RAYMOND, JJ., concur.